IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA YONKOV, | ) CASE NO. 1:23 CV 1317 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| MAXIMUS HOLDING GROUP LLC, et al., | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter comes before the Court upon Plaintiff's *ex parte* Motion for a Temporary Restraining Order ("TRO"), and a Motion for Expedited Discovery. (ECF #4, 5). The Court held a status conference where all parties were represented.

The primary purpose of injunctive relief is to maintain the status quo until a decision on the merits can be reached. *See University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In addition, courts shall not issue injunctive relief unless the right to such relief is clear under the facts and circumstances of the case. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Grall*, 836 F. Supp. 428, 431 (W.D. Mich. 1993). In determining whether to issue injunctive relief, courts must consider four factors. Those factors are: (1) whether the movant has a "strong" likelihood of

success on the merits; (2) whether the movant will suffer irreparable injury in the absence of injunctive relief; (3) whether the issuance of injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of injunctive relief. *See Leary v. Daeschner*, 228 F.3d 729, 736 (N.D. Ohio 1989).

As a general matter, "the four considerations are factors to be balanced and not prerequisites that must be satisfied." *Id.* (emphasis and citation omitted). However, it is critical that a plaintiff demonstrate some irreparable injury before injunctive relief may issue. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982); *Economou v. Physicians Weight Loss Ctrs. of Am.*, 756 F. Supp. 1024, 1031 (N.D. Ohio 1991). To demonstrate irreparable harm, a plaintiff must show "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotations omitted).

The Court finds that Plaintiff has failed to demonstrate that she will suffer any irreparable harm absent injunctive relief. With respect to this issue, Plaintiff claims that she has a minority interest in Defendant Maximus Holding LLC and that the value of this interest will be diluted absent injunctive relief. She also claims that Defendants may attempt to divert assets away from Maximus in order to avoid paying Plaintiff her share of profits in accordance with the Operating Agreement. However, neither of these scenarios would create irreparable harm, as both can be remedied by a later accounting and award of monetary damages. This Court finds that the type of harm alleged here is not of the degree or type necessary to justify an order of injunctive relief under the relevant case law.

Based upon the foregoing, Plaintiff's Motion for a Temporary Restraining Order (Doc. #

4) is DENIED. Further, the parties agree that each side will, at the very least, require separate and independent accountings of complex financial records and project valuations. Further, the Court anticipates that significant discovery may be necessary to address Plaintiffs' claims that she was terminated without cause, and to address Defendants' proposed counterclaims. This precludes the establishment of an expedited discovery schedule at this point, absent agreement by the parties. Plaintiff's Motion for Expedited Discovery is, therefore, DENIED, as well. (ECF #5). A Case Management Conference is set for September 5, 2023 at 9:00 a.m.. The Case Management Order will issue separately.

   IT IS SO ORDERED.

                   /s/ Donald C. Nugent
                   DONALD C. NUGENT
                   United States District Judge

DATE July 10, 2023