IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA YONKOV, | ) CASE NO. 1:23 CV 1317 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| MAXIMUS HOLDING GROUP LLC, et al., | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter comes before the Court upon the Motion of Defendants Andrew Brickman, The Mansion at Woodland, LLC, Brickhaus Acquisitions, LLC, and Riverhaus Chagrin, LLC to lift/remove the lis pendens filed by Plaintiff on the properties owned by the The Mansion at Woodland, LLC, Brickhaus Acquisitions, LLC and Riverhaus Chagrin, LLC. (ECF #4, 5). The motion is fully briefed pursuant to an expedited briefing schedule. The Court held a status conference on January 12, 2024, where counsel for all parties presented argument on the motion.

Plaintiff Alexandra Yonkov filed this 21 count action against several defendants, including the moving defendants here, on July 6, 2023, alleging that "this is a case of breach of contract, shareholder derivative action, breach of fiduciary duties, conversion, fraud, and defamation on the part of Defendants to squeeze out, starve and devalue the minority ownership interest of Plaintiff in the real estate development company created and grown by the hard work and sacrifices of Plaintiff over the past decade." (ECF #1, ¶2) The complaint sought a TRO, declaratory judgment, an accounting, an order of dissolution of Defendant Maximus, an order appointing a receiver over

Defendants Maximus, Brickhaus and their subsidiaries, and monetary damages. Plaintiff has since filed a First Amended Complaint and a Second Amended Complaint.

The instant motion concerns three lis pendens that Plaintiff filed on three different properties. On July 14, 2023, Plaintiff filed a lis pendens with the Franklin County Recorder on a property owned by Defendant The Mansion at Woodland LLC, located at 72 Woodland Avenue in Franklin County, Ohio (known as the "Woodland Property"). The second lis pendens was filed with the Cuyahoga County Recorder on July 31, 2023 on a property owned by Defendant Brickhaus Acquisitions, LLC, located on Clifton Blvd, Cleveland , Ohio (known as the "Edgewater Property"). The third lis pendens was filed on August 2, 2023 with the Cuyahoga County Recorder on a property owned by Riverhaus Chagrin, LLC located at 124-128 Cleveland St., Chagrin Falls, Ohio (known as the "Chagrin Property").

The doctrine of lis pendens, codified in Ohio Revised Code 2703.26 provides:

> When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against plaintiff's title.

Normally, lis pendens involves (1) a plaintiff with title to the subject property, (2) a defendant who has some dispute about the property with the plaintiff, and (3) a third party who is not a party but somehow acquires an interest in the subject property while the lawsuit is pending. *City of Cincinnati ex rel. Ritter v. Cincinnati Reds, LLC*, 2002 Ohio 7078, 150 Ohio App.3d 728, 782 N.E.2d 1225, 2002 Ohio App. LEXIS 6913 (Ohio Ct. App., Hamilton Cty 2002).

In this case there is no dispute: neither Plaintiff nor Maximus has title to any of the properties on which lis pendens notices were filed. The lis pendens notices filed by Plaintiff with

the Franklin County Recorder and the Cuyahoga County Recorder clearly identifies the owners of the three properties–Defendant the Mansion at Woodland, LLC owns the Woodland Property (ECF #112-1), Defendant Brickhaus Acquisitions, LLC owns the Edgewater Property (ECF #112-2) and Defendant Riverhaus Chagrin, LLC owns the Chagrin Property (ECF #112-3).

Plaintiff contends that because she is a minority member of Maximus–she owns 20 units while Defendant Brickman owns 80 units- and Maximus is the only member of the Brickhaus Acquisitions, Riverhaus Chagrin and the Mansion at Woodland LLCs, then she has an ownership interest in the properties owned by the three LLCs because "the entities that are under the control and ownership of Maximus are not entities that separately own property independent of Maximus." (ECF #115 at p.3) Plaintiff offers no legal support for this proposition and, in fact, it is directly contradicted by Ohio law.

First, even if Maximus owned the properties at issue here, Plaintiff as a member of the Maximus LLC, would not have any ownership interest in the properties. Ohio law makes clear that there is a distinction between holding an ownership interest in a legal entity and owning the assets of that entity. "A 'membership interest' in a limited liability company ... does not confer upon the 'member' any specific interest in company property, whether personal property or real property. Such property is, instead, held and owned solely by the company." *Ogle v. Hocking Cty*, 2014-Ohio-5422 (Ct. App.)(citing *In re Liber*, No. 08-37046, 2012 Bankr. LEXIS 2244, at *10 (Bankr. N.D. Ohio May 18, 2012). *See also, Drew v. Weather Stop Roofing Co.*, LLC, 2020-Ohio-2771, ¶11 n.1, 154 N.E.3d 136, 140 (Ct. App. Clermont Co., May 4, 2020) (While [plaintiff] may be its only member, it is New Fairview Farm, LLC who is the owner of the property, not Drew")

However, Maximus is not the owner of the properties at issue either. Accordingly, Plaintiff

-3-

cannot assert an ownership claim in any derivative claim. The owner LLCs are all subsidiaries of Maximus. Ohio law is clear that parent companies and subsidiary companies are separate and distinct legal entities. *White Motor Corp. v. Kosydar*, 50 Ohio St.2d 290, 296 (1977); *See also, Mut.Holding Co. v. Limbach*, 71 Ohio St.3d 59, 60 (1994)("Generally, a parent and subsidiary are separate and distinct legal entities. This is so even if the parent owns all the outstanding shares of the subsidiary.")

It is clear that the properties at issue here are owned by three distinct limited liability companies– all of which are separate and distinct legal entities from Plaintiff, individually, and from Maximus, as their parent company. Without an ownership interest, or some other legal claim to the properties themselves (e.g., as a mortgage holder or a judgment creditor, etc.), Plaintiff had no right to pursue lis pendens over the properties at issue under Ohio Rev. Code § 2703.26.[1] Accordingly, Defendants' Motion to Lift Lis Pendens (ECF #112) is granted.

IT IS SO ORDERED.

/s/ Donald C. Nugent
_____
DONALD C. NUGENT
United States District Judge

DATE 1/12/2024

---

[1] The parties stated during the Jan. 12, 2024 status conference, that the lis pendens issue regarding the Woodland Property located in Franklin County is the subject of a lawsuit pending in Franklin County. As the "res" is located outside of the Northern District of Ohio, jurisdiction over that property claim is properly in the courts of Franklin County. Accordingly, this order will only apply to the properties in Cuyahoga County.