IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA YONKOV, | ) | CASE NO. 1:23 CV 1317 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUS HOLDING GROUP LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This matter comes before the Court upon the Motion of Defendants Abode Beachwood Ecohomes MLD, LLC, Bighaus Development LLC, Brickhaus Acquisition LLC, Brickhaus Beachwood, Inc., Brickhaus Interiors LLC, Brickhaus Partners LLC, Daisy Hill Corp. Ltd, One Seventeen Development Inc, One Seventeen Townhomes, LLC, Riverhaus Chagrin LLC, Riverhaus Richmond VA LLC, Saint Helena Gateway Redevelopment Partners LLC, and The Mansion at Woodland LLC (collectively the "Other Defendants") to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon which Relief may be Granted. (ECF #103) The motion is fully briefed and ready for decision.

**Factual and Procedural History**

Plaintiff filed a verified complaint seeking a temporary restraining order, preliminary and permanent injunctions and a money judgment on July 6, 2023 . Her motion for a temporary restraining order was denied on July 10, 2023. (ECF #9) Plaintiff has since filed First and Second Amended Complaints. The Second Amended Complaint ("SAC")(ECF #84) purports to

assert claims on behalf Plaintiff Alexandra Yonkov both individually, and derivatively on behalf of Maximus Holding Group, LLC, ("Maximus") against Defendants Maximus, Brickhaus Management, Inc. ("BMI"), Andrew Brickman, Julia Ivanova, Marcie Brickman, Brickhaus II, LLC and the Other Defendants. Plaintiff asserts the following claims in the SAC:

Count 1: Breach of employment contract against Defendants Brickman and BMI;

Count 2: Breach of contract relating to the Maximus operating agreement;

Count 3: Unjust enrichment against Defendants Brickman, Maximus and BMI;

Count 4: Breach of fiduciary duty against Defendants Brickman, Maximus and BMI;

Count 5: Conversion against Defendant Brickman;

Count 6: Common Law Fraud against Defendant Brickman;

Count 7: Securities Fraud against Defendant Brickman;

Count 8: Civil Conspiracy against Defendants Maximus, Brickman, BMI, Ivanova and Marcie Brickman;

Count 9: Misrepresentation/Promissory Estoppel against Defendants Brickman, Maximus and BMI;

Count 10: Libel/Defamation/Invasion of Privacy/False Light against Defendants Brickman and Ivanova;

Count 11: Accounting for Maximus and BMI;

Count 12: Judicial Dissolution of Maximus and BMI;

Count 13: Piercing the Corporate Veil of Maximus and BMI;

Count 14: Derivative Action on behalf of Maximus;

Count 15: Indemnity under the Maximus Operating Agreement;

Count 16: Intentional Interference with Employment Relationship against Defendant Ivanova;

Count 17: Wrongful termination against Defendants Brickman, BMI and Maximus;

Count 18: Retaliation against Defendants Brickhaus, Maximus and Brickman;

Count 19: Civil Liability for Criminal Conduct against Defendant Brickman;

Count 20: Declaratory Judgment;

Count 21: Petition for Receivership of Maximus;

Count 22: Fraudulent Conveyance and/or Transfer involving conveyance of $700,000 from Defendant Marcie Brickman to Defendants Brickman and/or The Mansion at Woodland, LLC;

Count 23: Misappropriation by Fraud against Defendant Brickman involving transfer of property from Defendant Saint Helena Gateway Redevelopment Partners, LLC ("St. Helena");

Count 24: Replevin against Defendant Brickman;

Count 25: Corporate Successor Liability Against Defendant Brickhaus II, LLC as a mere continuation of BMI and/or Maximus.

None of the Other Defendants, except St. Helena and The Mansion at Woodland LLC are mentioned in any of the causes of action asserted in the SAC. Moreover, while St. Helena was mentioned in Counts 23 and 24 neither of those counts asserted claims against St. Helena. Plaintiff asserts a 20% membership interest in Defendant Maximus and also appears to hold membership interests in Other Defendants Riverhaus Chagrin, LLC and St. Helena. She does not assert any membership interest in any of the remaining Other Defendants.

-3-

**I. Motion to Dismiss for Lack of Standing**

The Other Defendants assert that Plaintiff lacks standing to sue with respect to the Other Defendants[1] and that a motion to dismiss for lack of standing is properly characterized as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

### Standard of Review

A federal district court lacks subject-matter jurisdiction over a claim—and thus the claim is subject to dismissal—if the plaintiff fails to show that he has standing to bring it. Fed. R. Civ. P. 12(b)(1); *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). As a general matter, the "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Standing requires the plaintiff to have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; (3) that is likely to be redressed by a favorable judicial decision. *Id.* If a plaintiff lacks standing, the Court lacks the authority to decide the matter. The Plaintiff bears the burden of establishing these elements. Where a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Id. citing Warth v. Seldin*, 442 U.S. 490, 518 (1975).

The standard of review of a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction depends on whether the defendant makes a factual or facial challenge to

---

[1]

The 12(b)(1) motion for lack of standing is made on behalf of all Other Defendants except St. Helena and The Mansion at Woodland. The motion to dismiss for failure to state a claim under 12(b)(6) is made on behalf of all of the Other Defendants.

-4-

subject-matter jurisdiction. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack challenges the jurisdictional facts set forth in the complaint, and thus forces the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* A facial attack on subject-matter jurisdiction, by contrast, does not challenge the factual allegations, but challenges the jurisdictional sufficiency of the complaint given those facts. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). It appears that the Other Defendants have asserted a factual attack, permitting the Court to consider evidence outside the complaint.

## Analysis

With respect to the standing issue, it appears that any injury suffered by Plaintiff is "not fairly traceable to the challenged conduct" of the Other Defendants in as much as Plaintiff does not offer any allegation of conduct attributable to the Other Defendants other than a brief mention of The Mansion at Woodland and St. Helena. Moreover, she does not seek relief from the Other Defendants. In response to this motion, Plaintiff does not even attempt to show that she has standing to bring any claims against the Other Defendants. Instead, she asserts that the Other Defendants cannot be dismissed regardless of whether Plaintiff pled and/or even has direct (or derivative) causes of action against them because they are necessary parties under Fed. R. Civ. P. 19.[2]

Rule 19 is titled "Required Joinder of Parties" and is usually used by defendants in

---

[2]

Thus, Plaintiff concedes the standing issue as to the Other Defendants except The Mansion at Woodland and St. Helena. Plaintiff contends that she has stated a claim against those two defendants sufficient to survive the Motion to Dismiss under 12(b)(6).

moving to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party. Here, Plaintiff is using it to avoid dismissal of parties against whom she has no direct claim. While unusual, Rule 19 has been used as a bar to dismissal under 12(b)(6). *See Brown v. United States Gov't*, No. 17 CV 2279-JPM-DKV, 2017 WL 11392642 at *5 (W.D. Tenn. July 7, 2017); *Panny v. Pennymac Loan Servs*., LLC, No. 14-13866, 2016 WL 1090438, at *3 (E.D. Mich. Mar. 21, 2016). *See also, Oro Capital Advisors, LLC v. Borror Construction*, Case Nos. 2:19-CV-5087, 2:20-CV-4894, 2022 WL 3026862 (S.D. Ohio Aug. 1, 2022).

> A person is a required or necessary party under Fed. R. Civ. P. 19(a) if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff argues that the Other Defendants are necessary parties because the Court cannot provide complete relief among the existing parties if the Other Defendants are dismissed because the Other Defendants hold record title to properties which are the subject matter of this litigation or are in possession of certain properties or assets for which the disposition of monies are at issue in this case. See *Morelli v. Morelli*, No. C2-00-988, 2001 WL 168119 (S.D. Ohio Sept. 27, 2001)

The Other Defendants are subsidiaries of Maximus. Under the Maximus Operating Agreement, Plaintiff is entitled to a portion of Project Profits. (ECF #84-8, Section 4.7.)A

-6-

Project is defined as "the development of any real property held by any of the Subsidiaries, with each separate parcel of real property being considered a Project and sometimes called a 'unit'." (Id, Section 1.1 cc). Plaintiff asserts that Maximus has failed to pay her the Project Profits to which she is entitled.

In *Morelli v. Morelli*, *supra*, the Plaintiff sought to obtain exclusive title to five rental properties which had been transferred to an LLC named Morelli Properties Limited Liability Company. The LLC was not named as a defendant and its addition to the action would destroy diversity jurisdiction. The named defendants moved to dismiss the action for failure to join a necessary party. The Court determined that the LLC was a necessary party under all three clauses of Rule 19(a) because it holds record title to the Properties which are the subject matter of the litigation. The Court noted that the LLC has an existence independent of its members, and the Court could not divest the LLC of its property, as the Plaintiff requested, when the LLC was not a party to the action. *Id.* at *3.

In this case, Plaintiff is not seeking to obtain title to the Other Defendants' properties or deprive the Other Defendants of their property. Rather, she is seeking her portion of the project profits which she contends she is owed from Maximus. Plaintiff's claims will not be affected by the absence of the Other Defendants in the litigation. See *Oro Capital Advisors, LLC v. Borror Construction*, Case Nos. 2:19-CV-5087, 2:20-CV-4894, 2022 WL 3026862 (Defendant's 12(b)(6) motion to dismiss granted in quiet title action where Defendant filed a mechanics lien but transferred the lien prior to the lawsuit. As defendant no longer had an interest in the lien–Plaintiff's argument that defendant was a necessary party was rejected.)

Moreover, to the extent that Plaintiff argues that the Other Defendants are necessary

-7-

under 19(a)(1)(B)-that disposition in their absence may impair their ability to protect their interest in the controversy– is less concerning here where the Other Defendants are currently in the lawsuit but seek dismissal, presumably because they have determined that the disposition of Plaintiff's claims in this lawsuit will not impair their interests in their properties and have accepted any risk to the contrary. Accordingly, the Other Defendants' Motion to Dismiss for lack of standing pursuant to Fed. R. Civ. P. (12)(b)(1) is granted[3].

## II. Motion to Dismiss for failure to State a Claim pursuant to Rule 12(b)(6)

The Other Defendants also move to dismiss under Rule 12(b)(6) because Plaintiff has not alleged a single cause of action against any of them except St. Helena and The Mansion at Woodland. In response to the Other Defendants' motion, Plaintiff essentially concedes that she has asserted no cause of action against any of the Other Defendants except St. Helena and the Mansion at Woodland.

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See*

---

[3]

Other Defendants The Mansion at Woodland and St. Helena are not included in the lack of standing ruling as Plaintiff has purported to assert claims against them.

*Twombly, 550 U.S. at 555; Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).
In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement
to relief, which requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action. *Bell Atl.Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).
That is,"[f]actual allegations must be enough to raise a right to relief above the speculative
level, on the assumption that all the allegations in the complaint are true (even if doubtful in
fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of
Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing
that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*,
355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a
complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of
the complaint, although matters of public record, orders, items appearing in the record of the
case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin
College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

### Analysis

In Count 22 of the SEC, titled Fraudulent Conveyance and/or Transfer, Plaintiff alleges
that Defendant Marcie Brickman conveyed $700,000 to Defendants Brickman and/or The
Mansion at Woodland in the form of equity investments and/or loans to fund Defendant
Brickman and/or The Mansion at Woodland and that Defendants Brickman and/or The
Mansion at Woodland accepted the same in order to dilute Plaintiff's membership interests
and/or to dilute other interested stakeholders and/or creditors. Plaintiff did not consent to the

Mortgage and/or the acceptance of the $700,000.Plaintiff further stated that Brickman and/or the Mansion at Woodland accepted the $700,000 with the actual intent to defraud Plaintiff of her membership interests, her rights in the business, and to hinder and/or delay any repayment/payment of monies due Plaintiff. As a result of these actions, Plaintiff has incurred damages. The conduct of Defendants is described as willful, wanton and malicious. (ECF #84-SAC, ¶¶579-587.)

The elements necessary to plead a cause of action for fraudulent conveyance in Ohio are "(1) a conveyance or incurring of a debt; (2) made with actual intent to defraud, hinder, or delay; (3) present or future creditors." *United States v. Long*, 121 F. Supp. 3d 763, 781 (N.D. Ohio 2014) citing *Blood v. Nofzinger*, 162 Ohio App.3d 545, 557, 834 N.E.2d 358, 367 (Ohio Ct.App.2005) (citing R.C. 1336.04(A)(1)). Plaintiff has asserted all of these elements with sufficient particularity at this time. Defendant the Mansion at Woodland's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

In Count 23 of the SAC, titled Misappropriation by Fraud, Plaintiff alleges that Defendant Brickman represented to Plaintiff that he would hold temporary ownership of 1230 Grayson Ave, St. Helena CA for the purpose of securing a favorable mortgage interest rate and would transfer the property back to Defendant St. Helena or hold the property for the benefit of Plaintiff and/or St. Helena after receiving a favorable interest rate. Plaintiff further asserts that Defendant Brickman knew those statements and representations were false and were made to deceive Plaintiff into agreeing to the transfer of the property to Brickman's personal name. Plaintiff relied on those representations when signing the subject grant deed conveying title to Brickman on or around April 2021. But for Defendant Brickman's fraudulent representations,

-10-

Defendant St. Helena would have continued to own 1230 Grayson Ave., St. Helena CA. (ECF #84 SAC ¶¶588-594) It is clear that this cause of action is against Defendant Brickman, not St. Helena who no longer owns the property at issue. In opposition to the motion to dismiss St. Helena, Plaintiff contends that St. Helena must remain in the lawsuit as a necessary party regardless of the fact that there is not pending claim against St. Helena. However, as discussed above with regard to necessary parties, St. Helena no longer owns the property at issue and thus is not needed to effectuate any remedy that Plaintiff may recover if successful. *See Oro Capital Advisors, supra* 2022 WL 3026862 at *6. Accordingly, St. Helena's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

## CONCLUSION

For the reasons set forth above, the Motion of the Other Defendants to Dismiss the Second Amended Complaint is granted as to Abode Beachwood Ecohomes MLD, LLC, Bighaus Development LLC, Brickhaus Acquisition LLC, Brickhaus Beachwood, Inc., Brickhaus Interiors LLC, Brickhaus Partners LLC, Daisy Hill Corp. Ltd, One Seventeen Development, Inc., One Seventeen Townhomes, LLC, Riverhaus Chagrin LLC, Riverhaus Richmond VA LLC, and St. Helena Gateway Redevelopment Partners LLC and denied as to The Mansion at Woodland, LLC.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 21, 2024

-11-